IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RALPH N. LESTER,

    Plaintiff,

v.                                                                                                                           No. CIV 13-0127 JB/KBM

CITY OF ALBUQUERQUE
and the ADMINISTRATIVE HEARING OFFICE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING REQUEST FOR EMERGENCY HEARING**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Temporary Restraining Order, filed at 4:42 p.m. on February 6, 2013 (Doc. 1)("Motion"). Plaintiff Ralph N. Lester, proceeding pro se, has not filed a complaint. Lester orally requested an emergency hearing to take place on February 7, 2013, indicating to Clerks-office employees that the administrative hearing that he wants the Court to restrain will be occurring soon. He does not mention in his motion, however, any facts to support his oral request. Lester's motion is factually sparse and contains many legal conclusions. He states only that he wants the Court to prohibit "Defendants from forcing a hearing without normal written 30-day notice," because "Defendant's systems are deficient and resulted in the Violation of the Due Process Rights of the United States Constitution." Motion at 1-2. Under the caption "Likelihood of Success," he states that the "Defendant's admissions already appear to be sufficient to indicate the deficiencies in the program." Motion at 2. Under the caption "Irreparable Injury," he states, "personal cost to Plaintiff of a motor vehicle and time spent coping with the beaurocracy [sic], trying to, that is, and a petition for replevin will also be filed." Motion at 2. He then states that "[t]hreatened injury to

movant is greater to movant than to Defendant to the extent that Defendant has no injury, but only a duty to perform an adequate job of holding hearings without violating constitutional rights. The public interest is served by allowing Defendant to [sic] time to prepare the case." Motion at 3.

The Court of Appeals for the Tenth Circuit Court of Appeals has held:

> The Federal Rules of Civil Procedure make clear that only a properly-filed "complaint" can commence a civil action. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 3 advisory committee's note, 1937 adoption ("This rule provides that the first step in an action is the filing of the complaint."). Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief. See, e.g., Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1134 (11th Cir. 2005)("injunctive relief must relate in some fashion to the relief requested in the complaint"), cert denied, 547 U.S. 1192, 126 S. Ct. 2862, 165 L. Ed.2d 895 (2006); Adair v. England, 193 F. Supp. 2d 196, 200 (D.D.C. 2002)("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's motion for [preliminary] injunctive relief."); P.K. Family Rest. v. IRS, 535 F. Supp. 1223, 1224 (N. D. Ohio 1982)(denying request for temporary restraining order because "[a]bsent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief").

Powell v. Rios, No. 06-1289, 241 F. App'x 500, 505 n.4, 2007 WL 2057001, at *4 n.4 (10th Cir. July 19, 2007).

Because Plaintiff has failed to file a complaint invoking the Court's jurisdiction, the Court has no subject-matter jurisdiction to entertain his motion for a TRO. The Court, therefore, will deny his request for an emergency hearing, but will permit Lester ten days to file a complaint that sets forth a federal cause of action and the basis for the Court's jurisdiction. Of course, if the complaint is not filed before the hearing that Lester wants to be restrained has been held, any request for a TRO would be moot.

The Court notes that Lester recently filed a deficient complaint against the City of Albuquerque, entitled "Petition for Replevin of Personal Property," which the Court dismissed, because he "failed to state sufficient facts to state a claim under 42 U.S.C. § 1983 against either

Defendant Mayor Richard J. Berry or the City of Albuquerque." Lester v. City of Albuquerque, No. CIV 12-0904 JB/WPL, Memorandum Opinion and Order at 2, 8 (D.N.M. Jan. 31, 2013)(Doc.11). In 2010, the Court dismissed Lester's document entitled "Writ of Replevin," because he failed to properly style the document as a complaint; because he failed to "adequately to set forth the basis of the Court's jurisdiction;" and because it appeared that "Lester cannot state facts to establish this Court's subject-matter jurisdiction." Lester v. Belt, No. CIV 10-0589 JB/RHS, Memorandum Opinion and Order at 2-3, 6 (D.N.M. Aug. 26, 2010)(Doc. 9). After Lester stated that he wanted to add the City of Albuquerque as a defendant, the Court permitted him an opportunity to file a motion to submit a proper complaint and attach a copy of the proposed complaint, but he failed to do so. See Lester v. Belt, No. CIV 10-0589 JB/RHS, Memorandum Opinion and Order at 9-10; Lester v. Belt, No. CIV 10-0589 JB/RHS, Final Judgment at 1 (D.N.M. Sept. 9, 2010)(Doc. 10)(entering final judgment because Lester "did not file a motion to amend within the allotted time period"). Lester is reminded that any complaint he files must comply with the Federal Rules of Civil Procedure and must properly invoke the Court's subject-matter jurisdiction of the Court. If no complaint is timely filed, the Court will dismiss this action for lack of subject-matter jurisdiction without further notice, and will deny his pending motion to proceed without prepayment of his filing fees.

**IT IS ORDERED** that: (i) the Court denies Plaintiff Ralph N. Lester's oral request for an emergency hearing to be held on February 7, 2013, and will not entertain the Motion for Temporary Restraining Order, filed at 4:42 p.m. on February 6, 2013 (Doc. 1) unless and until Lester files a complaint that satisfies the requirements set forth in this Opinion; and (ii) the Court will not enter a final judgment dismissing this action for ten days after the filing of this Memorandum Opinion and Order so that Lester may file a complaint if he desires.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE

*Parties:*

Ralph N. Lester
Albuquerque, New Mexico

    *Plaintiff pro se*