IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RALPH N. LESTER**,

    Plaintiff,

v.                                                      **CIV 13-0127 JB/KBM**

**CITY OF ALBUQUERQUE
and the ADMINISTRATIVE HEARING OFFICE**,

    Defendants.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 3. Before the Court are pro se plaintiff Ralph N. Lester's two *Applications to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called motions to proceed in forma pauperis "IFP") [Docs. 2, 8].

Because of these motions, the Court must "review the affidavit[s] and screen [Lester's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

such relief." § 1915(e). In reviewing the Complaint, I "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Although Lester appears not to be able to pay for filing fees and the necessities of life, I recommend that the Court deny IFP and dismiss the Complaint because the relief Lester seeks is precluded by the abstention doctrine.

I.  **Procedural background.**

On February 6, 2013, Lester filed a Motion for Temporary Restraining Order against the Administrative Hearing Office ("AHO") of the City of Albuquerque and requested an emergency hearing to be set on February 7, 2013, without having first filed a Complaint. *See* Doc. 1. The Court found that

> Lester's motion is factually sparse and contains many legal conclusions. He states

> only that he wants the Court to prohibit "Defendants from forcing a hearing without normal written 30-day notice," because "Defendant's systems are deficient and resulted in the Violation of the Due Process Rights of the United States Constitution." Motion at 1-2.

February 7, 2013 Order at 1.  The Court denied the request for an emergency hearing, but permitted "Lester ten days to file a complaint that sets forth a federal cause of action and the basis for the Court's jurisdiction." *Id.* at 2.  The Court summarized several other deficient causes of action that Lester has filed in this Court, and warned Lester that

> any complaint he files must comply with the Federal Rules of Civil Procedure and must properly invoke the [] subject-matter jurisdiction of the Court.  If no complaint is timely filed, the Court will dismiss this action for lack of subject-matter jurisdiction without further notice, and will deny his pending motion to proceed without prepayment of his filing fees.

*Id.* at 3.  On February 12, 2013, Lester submitted for filing an unsigned one-paragraph "Notice of Addition of Defendants;" an unsigned two-page "Complaint;"  an unsigned "Motion to Reconsider" that seeks reconsideration "of its findings" by the "AHO;" and a one-paragraph "Motion to Require Reconsideration of Continuance of AHO Administrative Hearing # 21050 (In the Matter of One (1) 1989 Chrysler 4 Door" that again seeks an order forcing the AHO to stay the hearing in the administrative proceedings.  *See* Doc. 7.  On March 15, 2013, Lester filed an "Amended Complaint."  *See* Doc. 10.

**II. Allegations in the Amended Complaint.**

Lester's Amended Complaint contains many of the same legal conclusions he included in his emergency motion for a TRO and, again is factually extremely sparse.  He seeks to invoke the "*in rem*" jurisdiction of this Court because "the personal property that is the subject of" the AHO hearing is located in Albuquerque.  Am. Compl. at 1.  Lester's factual allegations center around the

3

administrative hearing, and he complains of the same procedural irregularities he mentioned in his motion for TRO: the City's failure to produce exhibits to him before the hearing, and the AHO's failure to give a written 30-day notice of the hearing. *See* Am. Compl. at 2. He also again complains that the City Attorney and the Hearing Officer "are in a very close relationship and appeared to have discussed the substantive content of the hearing prior to the hearing." Am. Compl. at 3. Lester mentions an undescribed "ordinance" but there is no indication what the ordinance pertains to, other than that Lester believes that the 5-day notice it provides violates substantive due process, *see id.*, and the implication that Lester's vehicle was seized by a police officer by authority of the ordinance, *see id.* at 7. The remainder of the Amended Complaint contains Lester's summary of the history and principles behind the Equal-Protection Clause and Lester's confusing "illustration," *id.,* that sheds little light on his claims. The Amended Complaint seeks no relief. Instead, it refers to his motions seeking that this Court intervene into the administrative proceedings, stay the proceedings, and require the AHO to reconsider its findings. *See id.* at 3.

**III. Analysis.**

Lester cites no authority or any federal statute that would give this Court jurisdiction over his cause of action. Although there is a statute related to federal *in rem* jurisdiction, it establishes venue "in any district where such property is found" in those cases in which the federal government prosecutes a "civil proceeding for the forfeiture of property" under another federal statute. *See* 28 U.S.C. § 1395(b); 21 U.S.C. § 881(providing for federal forfeitures). I have found no statute that would give this Court jurisdiction over Lester's Amended Complaint simply because he is fighting with the City over the seizure of personal property.

Further, because the city's administrative proceedings are coercive proceedings requiring

4

Lester's participation and they involve important state interests regarding the city's right to seize vehicles pursuant to a city ordinance, and because Lester may raise his constitutional claims in those proceedings or on appeal from them, this Court is prohibited from intervening in those proceedings by the *Younger* abstention doctrine, as extended by *Gibson v. Berryhill*, 411 U.S. 564, 576-577 (1973), and *Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, 625, 627 n.2 (1986) (noting that "the administrative proceedings here are coercive rather than remedial, began before any substantial advancement in the federal action took place, and involve an important state interest" and, therefore, the federal district court "should have abstained from adjudicating [the] case" under *Younger*).  Lester must exhaust his state administrative and judicial remedies before attempting to bring a § 1983 suit. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 890 (10th Cir. 2009) (emphasizing that "a state's enforcement of its laws or regulations in an administrative proceeding constitutes a coercive action, . . . entitled to *Younger* deference).

When *Younger* abstention is mandatory and only injunctive relief is requested, as here, the Court should dismiss the case. *See D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (noting that *Younger* abstention and dismissal of the action applies to requests for injunctive and declaratory relief, and "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding. *See generally Gilbertson v. Albright*, 381 F.3d 965, 978-80 (9th Cir.2004) (en banc). The rationale for *Younger* abstention can be satisfied, however, by just staying proceedings on the federal damages claim until the state proceeding is final."). "*Younger* abstention is jurisdictional." *Id.*

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Court deny Lester's motions to proceed IFP [Doc. 2, 8] and dismiss Lester's Complaint for lack of jurisdiction under *Younger*.

_____
CHIEF UNITED STATES MAGISTRATE JUDGE