## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RALPH N. LESTER,

      Plaintiff,

vs.                                                                                        No. CIV 13-0127 JB/KBM

STAN HARADA, NICHOLAS BULLOCK,
THE ADMINISTRATIVE HEARING
OFFICE (AHO), and the
CITY OF ALBUQUERQUE,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### DENYING IFP AND DISMISSING COMPLAINT

      **THIS MATTER** comes before the Court on (i) the Chief Magistrate Judge's Analysis

and Recommended Disposition, filed June 11, 2013 (Doc. 11)("Recommended Disposition"); (ii)

the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed

February 6, 2013 (Doc. 2); (iii) the Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs, filed February 19, 2013 (Doc. 8)(collectively "Applications"); and (iv)

the Plaintiff's Objection to Recommended Disposition and Request for Stay, filed July 2, 2013

(Doc. 12)("Objection").  Because, on de novo review, the Court agrees with the conclusion of

Honorable Karen B. Molzen, Chief United States Magistrate Judge for the District of New

Mexico, that the Court should dismiss the case if the Court abstains from entertaining the

Plaintiff's Amended Complaint under the <u>Younger</u> abstention doctrine,[1] the Court will adopt the

---

[1] Under the abstention doctrine that the Supreme Court articulated in <u>Younger v. Harris</u>,
401 U.S. 37 (1971), "federal courts should not 'interfere with state court proceedings' by
granting equitable relief -- such as injunctions of important state proceedings or declaratory
judgments regarding constitutional issues in those proceedings -- when the state forum provides
an adequate avenue for relief."  <u>Braverman v. New Mexico</u>, No. CIV 11-0829 JB/;WDS, 2012

Recommended Disposition and will dismiss Plaintiff Ralph N. Lester's Amended Complaint, filed March 15, 2013 (Doc. 10),[1] without prejudice for lack of subject-matter jurisdiction.

## PROCEDURAL BACKGROUND

As Chief Magistrate Judge Molzen set forth in her Recommended Disposition,

On February 6, 2013, Lester filed a Motion for Temporary Restraining Order against the Administrative Hearing Office ("AHO") of the City of Albuquerque and requested an emergency hearing to be set on February 7, 2013, without having first filed a Complaint. *See* Doc. 1. The Court found that

> Lester's motion is factually sparse and contains many legal conclusions. He states only that he wants the Court to prohibit Defendants from forcing a hearing without normal written 30-day notice, because Defendant's systems are deficient and resulted in the Violation of the Due Process Rights of the United States Constitution. Motion at 1-2.

February 7, 2013 Order at 1. The Court denied the request for an emergency hearing, but permitted Lester ten days to file a complaint that sets forth a federal cause of action and the basis for the Court's jurisdiction. *Id.* at 2. The Court summarized several other deficient causes of action that Lester has filed in this Court, and warned Lester that

> any complaint he files must comply with the Federal Rules of Civil Procedure and must properly invoke the [] subject-matter jurisdiction of the Court. If no complaint is timely filed, the Court will dismiss this action for lack of subject-matter jurisdiction without further notice, and will deny his pending motion to proceed without prepayment of his filing fees.

*Id.* at 3. On February 12, 2013, Lester submitted for filing an unsigned one-paragraph Notice of Addition of Defendants; an unsigned two-page Complaint; an unsigned Motion to Reconsider that seeks reconsideration "of its findings" by the AHO; and a one-paragraph Motion to Require Reconsideration of Continuance of AHO Administrative Hearing # 21050 (In the Matter of One (1) 1989 Chrysler 4 Door that again seeks an order forcing the AHO to stay the hearing in the administrative proceedings. *See* Doc. 7. On March 15, 2013, Lester filed an Amended Complaint. *See* Doc. 10.

---

WL 5378292, at *19 (D.N.M. Sept. 30, 2012)(Browning, J.)(quoting Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir.1999)).

[1] Although Lester titles his pleading as an "Amended Complaint," the pleading is the first complaint filed in this case.

Recommended Disposition at 2-3.  Chief Judge Molzen examined the allegations in Lester's

Amended Complaint.  She found that

> Lester's Amended Complaint contains many of the same legal conclusions he
> included in his emergency motion for a TRO and, again is factually extremely
> sparse.  He seeks to invoke the "*in rem*" jurisdiction of this Court because "the
> personal property that is the subject of" the AHO hearing is located in
> Albuquerque.  Am. Compl. at 1.  Lester's factual allegations center around the
> administrative hearing, and he complains of the same procedural irregularities he
> mentioned in his motion for TRO:  the City's failure to produce exhibits to him
> before the hearing, and the AHO's failure to give a written 30-day notice of the
> hearing.  *See* Am. Compl. at 2.  He also again complains that the City Attorney
> and the Hearing Officer "are in a very close relationship and appeared to have
> discussed the substantive content of the hearing prior to the hearing."  Am.
> Compl. at 3.  Lester mentions an undescribed "ordinance" but there is no
> indication what the ordinance pertains to, other than that Lester believes that the
> 5-day notice it provides violates substantive due process, *see id.*, and the
> implication that Lester's vehicle was seized by a police officer by authority of the
> ordinance, *see id.* at 7.  The remainder of the Amended Complaint contains
> Lester's summary of the history and principles behind the Equal-Protection
> Clause and Lester's confusing "illustration," *id.,* that sheds little light on his
> claims.  The Amended Complaint seeks no relief.  Instead, it refers to his motions
> seeking that this Court intervene into the administrative proceedings, stay the
> proceedings, and require the AHO to reconsider its findings.  *See id.* at 3.

Recommended Disposition at 3-4.  Chief Magistrate Judge Molzen noted that Lester "cites no

authority or any federal statute that would give this Court jurisdiction over his cause of action,"

and concluded that the federal statute related to federal *in rem* jurisdiction applies only to "cases

in which the federal government prosecutes a 'civil proceeding for the forfeiture of property'

under another federal statute.  28 U.S.C. § 1395(b); 21 U.S.C. § 881 (providing for federal

forfeitures)."  Recommended Disposition at 4.  She further concluded that,

> because the city's administrative proceedings are coercive proceedings requiring
> Lester's participation and they involve important state interests regarding the
> city's right to seize vehicles pursuant to a city ordinance, and because Lester may
> raise his constitutional claims in those proceedings or on appeal from them, this
> Court is prohibited from intervening in those proceedings by the *Younger*
> abstention doctrine, as extended by *Gibson v. Berryhill*, 411 U.S. 564, 576-577
> (1973), and *Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S.

619, 625, 627 n.2 (1986)(noting that "the administrative proceedings here are coercive rather than remedial, began before any substantial advancement in the federal action took place, and involve an important state interest" and, therefore, the federal district court "should have abstained from adjudicating [the] case" under *Younger*).  Lester must exhaust his state administrative and judicial remedies before attempting to bring a § 1983 suit.  *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 890 (10th Cir. 2009)(emphasizing that "a state's enforcement of its laws or regulations in an administrative proceeding constitutes a coercive action, . . . entitled to *Younger* deference).

When *Younger* abstention is mandatory and only injunctive relief is requested, as here, the Court should dismiss the case.  *See D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)(noting that *Younger* abstention and dismissal of the action applies to requests for injunctive and declaratory relief, and "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding.  *See generally Gilbertson v. Albright*, 381 F.3d 965, 978-80 (9th Cir.2004)(en banc).  The rationale for *Younger* abstention can be satisfied, however, by just staying proceedings on the federal damages claim until the state proceeding is final.").  "*Younger* abstention is jurisdictional." *Id.*

Recommended Disposition at 4-5.  Chief Magistrate Judge Molzen, therefore, recommended that the Court dismiss the case, and deny Lester's motions to proceed without prepaying costs and fees.  Recommended Disposition at 6.  Chief Magistrate Judge Molzen gave Lester notice that he had fourteen days to file objections to the recommended disposition, making his objections due on June 25, 2013.  See Recommended Disposition at 1 n.1.

Lester filed an untimely and unintelligible one-paragraph objection to the Recommended Disposition on July 2, 2013.  See Objection to Recommended [sic] Disposition and Request for Stay, filed July 2, 2013 (Doc. 12).  He appears to request a stay of his case, instead of dismissal.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter

dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

---

[2] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and

recommendations." (citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.  We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  2013 WL 1010401, at *1, *4.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec.

Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of those portions of the Recommended Disposition to which Lester objects, and finds that his Objection lacks a sound basis in the law.  Accordingly, the Court will: (i) overrule Lester's Objection and

deny his request for stay; (ii) adopt the Recommended Disposition; (iii) deny Lester's motions to proceed in forma pauperis, and (iv) enter a judgment dismissing this case without prejudice.

Lester does not dispute any of the facts or the legal analysis set forth in the Recommended Disposition.  As for the portions of the Recommended Disposition to which Lester did not object, the Court concludes that the recommendations are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  As to the one portion to which Lester objects, the Court concludes that Chief Magistrate Judge Molzen's analysis is correct, and that this case must be dismissed under the  Younger abstention doctrine because, Lester seeks only injunctive relief.  See D.L. v. Unified School Dist. No. 497, 392 F.3d at 1228.

**IT IS ORDERED** that: (i) the Chief Magistrate Judge's Analysis and Recommended Disposition, filed June 11, 2013 (Doc. 11), is adopted; (ii) the Objection to Recommended Disposition and Request for Stay, filed July 2, 2013 (Doc. 12), is overruled and denied; (iii) the Application to Proceed in District Court without Prepaying Fees or Costs, filed February 6, 2013 (Doc. 2), is denied; (iv) the Application to Proceed in District Court without Prepaying Fees or Costs, filed February 18, 2013 (Doc. 8) is denied; and (vi) the Amended Complaint, filed March 15, 2013 (Doc. 10), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Ralph N. Lester
Albuquerque, New Mexico

    *Petitioner pro se*

- 12 -